**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Dion Peoples,

       Petitioner,

    v.                        Case No. 1:05cv573

Wanza Jackson,                 Judge Michael R. Barrett

       Defendant.


**<u>ORDER</u>**

Before the Court is the August 10, 2006 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 10) regarding Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Respondent's Motion to Dismiss (Doc. 7).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Petitioner filed timely objections to the R&R.  (Doc. 11)

**I.    <u>FACTUAL BACKGROUND</u>**

On September 15, 1994, a jury convicted Petitioner of two counts of aggravated robbery with firearm specifications, one count of aggravated burglary with firearm specification, and two counts of robbery.  (Doc. 7, Ex. 7)  With the assistance of new counsel, Petitioner filed a timely appeal to the Ohio Court of Appeals, which affirmed the trial court's judgment.  (Id., Exs. 8, 10)  The Ohio Supreme Court denied leave to appeal

and dismissed the appeal on March 6, 1996.  (Id., Exs. 14, 16)

On September 20, 1996, Petitioner filed for post-conviction relief pursuant to Ohio Revised Code § 2953.21, claiming that he was denied effective assistance of counsel by his trial attorney because he represented him "while intoxicated or under the influence of a mind altering substance." (Id., Ex. 17)  The trial court denied Petitioner's post-conviction petition. (Id., Ex. 19)  Petitioner appealed to the Ohio Court of Appeals, which affirmed the trial court's judgment. (Id., Exs. 22, 24)  The Ohio Supreme Court declined jurisdiction and dismissed the appeal on February 18, 1998.

On March 3, 1998, Petitioner filed *pro se* a "second or successive petition for relief after judgment."  Petitioner claimed that his conviction and sentences were void because his trial counsel "was not a certified and qualified practicing attorney of good standing in Ohio on September 1, 1994, when he served as counsel of record and defense counsel at [petitioner's] trial." (Id., Ex. 28)  The petition was denied, as was Petitioner's motion for reconsideration.  (Id., Exs. 30, 31)  Respondent states that Petitioner did not appeal these decisions.

On June 15, 1998, Petitioner filed *pro se* a "successive petition for relief after judgment," raising essentially the same claim as in his March 3, 1998 petition.  (Id., Ex. 32)  The trial court declined to entertain the petition.  (Id., Ex. 33)  Petitioner appealed, but the Ohio Court of Appeals affirmed.  (Id., Exs. 34, 36)  Respondent states that Petitioner did not appeal this decision.

On December 17, 1999, Petitioner filed *pro se* a "nunc pro tunc request for modification of void sentence," which challenges the enhancements of his sentences for three firearm specifications as opposed to one.  (Id., Ex. 37)  The trial court denied the

motion, and Petitioner appealed.  (Id., Exs. 38, 39)  The Ohio Court of Appeals dismissed the appeal "for failure to comply with the Ohio Rules of Appellate Procedure, to wit: the Notice of Appeal was not timely filed."

Petitioner filed this federal habeas action on August 23, 2005.[1]  Petitioner asserts two grounds for relief: (1) he was denied his Sixth Amendment right to counsel because his trial attorney was not a properly licensed attorney in good standing with the Ohio Supreme Court during the time he represented Petitioner; and (2) his trial attorney provided ineffective assistance in violation of the Sixth Amendment his attorney was intoxicated and failed to inform him that the prosecution had offered a plea bargain.

## II.    <u>MAGISTRATE JUDGE'S R&R</u>

The Magistrate Judge determined that Petitioner's petition, filed on August 23, 2005 was untimely because the statute of limitations governing the claims alleged in Grounds Two and One expired, respectively, on June 8, 2000 and September 23, 2000.

The Magistrate Judge found that Petitioner's claim in Ground Two is governed by 28 U.S.C. § 2224(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by conclusion of direct review or the expiration of time for seeking such review.  The Magistrate Judge found that Petitioner's claim in Ground One is governed by 28 U.S.C. § 224(d)(1)(D), which provides that the statute of limitations begins to run from the date on which the factual predicate of the claim presented could have been discovered through the existence of due diligence.

Accordingly, the Magistrate Judge found that the statute of limitations on the claim

---

[1]This is the date Petitioner signed the petition, there is no evidence of when Petitioner provided his petition to prison authorities for mailing.

in Ground Two began to run on the day after Petitioner's conviction became final, or when the ninety day period expired for filing a petition for writ of certiorari with the United States Supreme Court.[2] As to Ground One, the Magistrate Judge found that the statute of limitations began to run on the day after Petitioner received communication from the General Counsel of the Clerk of the Supreme Court of Ohio informing him that his trial counsel was not a licensed practicing attorney of good standing in Ohio at the time of Petitioner's trial.

The Magistrate Judge found that Petitioner was entitled to the benefits of the statutory tolling provision found in 28 U.S.C. § 2244(d)(2) based on a "properly filed" application for state post-conviction relief or other collateral review. However, the Magistrate Judge noted that the tolling provision does not "revive" the limitations period, but can only serve to pause a clock that has not yet fully expired. The Magistrate Judge also noted that once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.

The Magistrate Judge found that Petitioner was not entitled to equitable tolling. The Magistrate Judge found that Petitioner's "cause" for his delay in pursuing relief on the claim alleged in Ground One–that his attorney failed to inform him of the Ohio Court of Appeals' April 21, 1999 decision–was insufficient. The Magistrate Judge noted that Petitioner waited over a year after the Ohio Supreme Court issued its final order on May 26, 2004 before taking any further action challenging his conviction in either state or federal court. The Magistrate Judge also rejected Petitioner's argument that he was entitled to equitable

---

[2]See discussion of *Lawrence v. Florida*, 127 S.Ct. 1079 (Feb. 20, 2007), *infra*.

tolling due to a "structural defect."  The Magistrate Judge explained that the few courts which have examined the issue have refused to excuse a petitioner's procedural default by recognizing an exception in cases involving an alleged "structural error."

## III.  ANALYSIS

First, the Court notes that subsequent to the entry of the Magistrate Judge's R&R, the United Supreme Court issued a decision in *Lawrence v. Florida*, 127 S.Ct. 1079  (Feb. 20, 2007).  In *Lawrence*, the Court held that the filing of a petition for certiorari to the United States Supreme Court does not toll the statute of limitations under § 2244(d)(2).  The Magistrate Judge noted the Circuit split, but applied what was at the time, binding Sixth Circuit caselaw.  *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (holding that under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review).  Based on the application of *Lawrence*, the statute of limitations on Petitioner's claim alleged in Grounds Two and One expired, respectively on March 10, 2000 and June 25, 2000, or ninety days earlier than calculated by the Magistrate Judge. Petitioner's petition, filed on August 23, 2005, was clearly untimely.

However, the Sixth Circuit has held that "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate."  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  There are two bases for equitable tolling of the limitations period.  *Harvey v. Jones*, 2006 WL 1208066, *2 (6th Cir. 2006) (unpublished). In *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir.2005), the Sixth Circuit held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is

appropriate." If a petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the limitations period may still be equitably tolled based on the five factors outlined by the Sixth Circuit in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001). These factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008, *citing Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir.1988).

Petitioner does not argue either basis for equitable tolling. In his objections, Petitioner argues that to dismiss his claims as untimely would be a manifest miscarriage of justice. Petitioner argues that the violation of his right to counsel and ineffective assistance of counsel are structural defects. Petitioner argues that his conviction and sentence are void because he was denied his right to counsel. The Court will address each of these arguments, but the Court finds these arguments unavailing.

Regarding Petitioner's "manifest miscarriage of justice" argument, this theory is one applied in instances of a procedural default in state court. Here, as discussed above, Petitioner's petition is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Even if applicable, the Court finds that Petitioner has not shown that his claim falls within the "miscarriage of justice" exception. A fundamental miscarriage of justice results from the conviction of one who is "actually innocent." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006), *citing Murray v. Carrier*, 477 U.S. 478, 496 (1986); *cf. Souter*, 395 F.3d at 598-602 (6th Cir. 2005) (explaining that actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists

for the habeas statute of limitations).  However, as noted above and as discussed by the Magistrate Judge, Petitioner has not made any showing of his "actual innocence."  The exception requires new evidence that demonstrates factual innocence, that is that the petitioner "did not commit the acts forming the basis for his conviction."  *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005).  Petitioner has presented such evidence.

The Court also rejects Petitioner's argument that this Court can consider his claim because the violation of his right to counsel and ineffective assistance of counsel are structural defects.  In *Arizona v. Fulminante*, 499 U.S. 279 (1991), the Supreme Court divided constitutional errors into two classes.  *U.S. v. Gonzalez-Lopez*, 126 S.Ct. 2557, 2563 (2006).  The Supreme Court identified the first category as "trial error," because the errors "occurred during presentation of the case to the jury" and their effect may "be quantitatively assessed in the context of other evidence presented in order to determine whether [they were] harmless beyond a reasonable doubt." *Id.* at 2563-64 (internal quotation marks omitted).  The Court identified the second class of constitutional error as "structural defects."  *Id.* at 2564.  The Court explained that these "defy analysis by 'harmless-error' standards" because they "affec[t] the framework within which the trial proceeds," and are not "simply an error in the trial process itself." *Id.*  Examples include the denial of counsel, the denial of the right of self-representation, the denial of the right to public trial, and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction.  *Id.*

However, as the Magistrate Judge noted, there is no support for Petitioner's argument that courts may review "structural errors" alleged in a time-barred petition. *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (noting that the Supreme Court has

detailed the circumstances necessary to bypass a state-law procedural default in a § 2254 petition, and "structural error" is not listed among them), *cert. denied*, 536 U.S. 926 (2002); *U.S. ex rel. Ward v. McAdory*, 2003 WL 22872121, *6 (N.D.Ill. 2003) (unpublished) (finding that defaulted claims cannot be excused based on petitioner's allegation that his substantive claims turn on structural errors).  This Court is unable to consider the merits of Petitioner's procedurally defaulted claims--regardless of the underlying constitutional basis–unless there has been a showing that Petitioner is entitled to equitable tolling.  As discussed above, Petitioner has not made that showing.

Finally, the Court rejects Petitioner's argument that his conviction and sentence are void because he was denied his right to counsel.  Because Petitioner's claims are time-barred, this Court cannot address the merits of these claims.

## IV.   <u>CONCLUSION</u>

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R.  Accordingly, the August 10, 2006 Magistrate Judge's R&R (Doc. 10) is hereby **ADOPTED**.  It is **ORDERED** as follows:

1.    The Court **GRANTS** Respondent's Motion to Dismiss (Doc. 7);

2.    The Court **DENIES with PREJUDICE** Petitioner's petition for writ of habeas corpus (Doc. 1);

3.    A certificate of appealability should issue with respect this Order dismissing the petition with prejudice on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would "find it debatable whether this Court is correct in its procedural ruling" on the equitable tolling issue and whether the otherwise-barred grounds for relief state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

4.      This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith" and, therefore, the Court **GRANTS** petitioner leave to proceed on appeal in *forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

5.      This matter shall be **CLOSED** and **STRICKEN** from the docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　 */s/ Michael R. Barrett*　　　　　　　
Michael R. Barrett, Judge
United States District Court